The STATE of Ohio, Appellee,

v.

GIEGEL, Appellant.

[Cite as *State v. Giegel* (1990), 70 Ohio App.3d 581.]

Court of Appeals of Ohio,
Medina County.

No. 1893.

Decided Dec. 12, 1990.

*Norman Brague,* Law Director, for appellee.

*Steve C. Bailey,* for appellant.

---

CIRIGLIANO, Judge.

This cause is before the court upon defendant Gregg Giegel's appeal from the sentencing passed by the Wadsworth Municipal Court following his convictions for driving while intoxicated, R.C. 4511.19(A)(1). We affirm.

The defendant-appellant is a former attorney and prosecutor in the city of Wadsworth. On September 11, 1989 and again on January 22, 1990, Giegel was arrested for violations of R.C. 4511.19(A)(1). He entered pleas of no contest to both charges and was found guilty on both counts. Upon Giegel's

request, the trial court consolidated the cases for sentencing and granted an evidentiary hearing prior to imposing sentence.

At the hearing, Giegel called several witnesses who testified about the general mode of conduct among prison inmates, the physical layout of the Medina County Jail, and the recent history of inmate attacks. Following the testimony, appellant's counsel was granted elocution and asked the trial court to sentence Giegel to the Oriana House, a certified jail in Summit County. On March 13, 1990, Giegel was sentenced, on each count, to one hundred eighty days in jail, of which one hundred thirty-five days were suspended, plus fines. The forty-five days' actual jail time for each violation are to be served consecutively. Giegel appeals.

Assignment of Error

"The trial court erred by sentencing the appellant in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution."

Giegel contends that due to the particularly hostile environment a former prosecutor may encounter as an inmate, the sentence imposed constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. We disagree.

As found in *McDougle v. Maxwell* (1964), 1 Ohio St.2d 68, 69, 30 O.O.2d 38, 39, 203 N.E.2d 334, 336, on review of the "cruel and unusual" punishment amendment:

"It is generally accepted that punishments which are prohibited by the Eighth Amendment are limited to torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community. * * *"

Our review of the constitutionality of the sentence imposed does not support the claim that the sense of justice of the community has been shocked, nor do we find it disproportionate to the crime. *State v. Chaffin* (1972), 30 Ohio St.2d 13, 17, 59 O.O.2d 51, 53, 282 N.E.2d 46, 49; *State v. McDonald* (1987), 31 Ohio St.3d 47, 52–53, 31 OBR 155, 159, 509 N.E.2d 57, 62 (H. Brown, J., dissenting). Furthermore, the general rule is that if a sentence falls within valid statutory limitations, it does not constitute cruel and unusual punishment. *McDougle, supra; State v. Towne* (Aug. 15, 1990), Summit App. No. 14519, unreported, 1990 WL 118853. Indeed, the Ohio Legislature has provided for mandatory jail sentences for the subject charges. See R.C. 4511.99.

Accordingly, we find appellant's argument void of merit and deny the assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and CACIOPPO, J., concur.